UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR. SHERNETTE ALEXANDER,　　　　　　　　CASE NO.:

　　　　Plaintiff,

vs.

SCHOOL BOARD OF PALM BEACH COUNTY,
FLORIDA,

　　　　Defendant.
_____/

**COMPLAINT AND JURY DEMAND**

　　　　Plaintiff, DR. SHERNETTE ALEXANDER, by and through the undersigned counsel, hereby complains against the Defendant, SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA, alleges the following upon information and belief, except as to those allegations concerning Plaintiff which are alleged upon personal knowledge, stating claims for relief as follows:

**I.　　NATURE OF THE ACTION**

　　　　1.　　This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices, on the basis of race and religion and to provide appropriate relief to Plaintiff who was subjected to unlawful discrimination based on race. As more fully described below, Plaintiff alleges that Defendant subjected Plaintiff to a hostile work environment based on her race (Black) and further, subjected to Plaintiff to unlawful retaliation when she filed charges of discrimination against Defendant and/or its agents, employs and/or representatives.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 & 1345. , This is, in part, an action authorized and instituted pursuant to: §706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) & (3) ("Title VII"); & Section 102 of the Civil Rights Act of 1991; 42 U.S.C. §1981; 42 U.S.C. §1981A and 42 U.S.C. §1988.

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391(b), wherein Defendant regularly conducts business and where all the alleged wrongful conduct occurred.

## III. PARTIES

5. Plaintiff, is a Black female. She is an adult individual and citizen of the United States residing in Florida. At all relevant times, Plaintiff was an employee of Defendant, within the meaning of Florida Civil Rights Act of 1992, §§760.01 – 760.11, *Florida Statutes 2018,* as amended, and applicable case law.

6. Defendant, is a local governmental entity organized and existing under the laws of the State of Florida, and which regularly conducts business in Palm Beach County, Florida.

7. All of the acts and failures to act alleged herein were duly performed and attributed to the employer itself or via its employs each acting as successor agent, employee or under the direction and control of the others, except as specifically alleged otherwise, during the course of Plaintiff's employment with Defendant. Said acts or failures to act were within the scope of the agency and/or employment.

8. At all relevant times, Defendant continuously had in excess of fifteen (15)

employees.

9. At all relevant times, Defendant has continuously been and is not an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g) and (h) and Title I of the Civil Rights Act of 1991.

## IV. ADMINISTRATIVE PREREQUISITES

10. Plaintiff has complied with all the administrative prerequisites to bringing an action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 and Section 102 of the Civil Rights Act of 1991.

## V. STATEMENT OF CLAIM

11. At all relevant times, Defendant exhibited sufficient control over the employment, the work assignments, and the work environment of Plaintiff.

12. During Plaintiff's employment, Defendant subjected her to harassment, hostile work environment based on her race and disparate terms and conditions of employment based on her race.

13. The harassment was severe or pervasive and included, but was not limited to, being subjected to several investigations for unsubstantiated allegations lodged against her by white co-workers, who upon information and belief took issue with being subordinate to a Black administrator directly over them.

14. The harassment was perpetrated by Plaintiff's white co-workers.

15. Defendant knew or should have known about the harassing and discriminatory conduct and failed to take appropriate remedial action to stop/prevent the harassment and discrimination despite repeated complaints from Plaintiff.

16. Further, Plaintiff was stripped of her professional duties by Defendant and in May 2017, Defendant unlawfully, permanently removed Plaintiff from her work-site, without sufficient justification, and reassigned her to various positions throughout the school district over a span of 20-months in retaliation for filing a complaint of discrimination and harassment.

17. Defendant's actions were such that a reasonable employee would have found the action materially adverse to Plaintiff.

18. Defendant replaced Plaintiff with a lesser-qualified white female.

19. Defendant further subjected Plaintiff to disparate terms and conditions of employment by mandating Plaintiff enroll in a program designed to assist in developing strategies for handling employee relationships and threatened Plaintiff with termination if she failed to do so.

20. Plaintiff's white counter-parts were not required to attend said training.

21. Plaintiff had no prior disciplinary problems and was cleared of wrongdoing in each of the investigations she was subjected to.

22. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

23. The unlawful employment practices complained of above were sufficient severe and pervasive as to alter the conditions of Plaintiff's employment and create a hostile environment.

24. The unlawful employment practices complained of in the paragraphs above, were intentional.

25. The unlawful employment practices complained of in the paragraphs above, were done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

26. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has suffered emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life and damages, to be determined at trial.

27. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has suffered loss of earnings in amounts to be determined at trial.

## VI. PRAYER FOR RELIEF

The conduct of the above-named Defendants, as set forth herein has caused injuries, damages and harm to Plaintiff, including, but not limited to, past and future economic loss, past and future non-economic losses, including emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish, impairment in the quality of life; and consequential losses.

**WHEREFORE**, Plaintiff requests judgment and damages against Defendant as follows:

A. Entry of an order declaring the Defendant School Board has willfully violated Title VII and retaliated against Plaintiff.

B. Grant a permanent injunction enjoining BDA, its officers, successors, assigns, and all persons in active concert or participation with it, and from engaging in any employment practice which discriminates in violation of Title VII.

C. Order the BDA to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees like Plaintiff and which eradicate the effects of its past and present unlawful employment practices;

D. Award to Plaintiff compensatory damages in an amount to be shown at trial for past and future non-pecuniary losses, including emotional distress and mental anguish, impairment of the quality of life; including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation and consequential loses;

E. Award to Plaintiff compensation for past and future pecuniary losses resulting from the unlawful practices complained of herein, in amounts to be determined at trial;

F. An award to Plaintiff for exemplary damages in an amount to be shown at trial;

G. An award of reasonable attorneys' fees and costs, including but not limited to expert witness fees;

H. An award to Plaintiff of interest on any awards at the highest rate allowed by law; and/or

I. Such other and further relief as this Court deems just and appropriate.

## VII. RIGHT TO AMEND

Plaintiff respectfully requests and reserves the right to amend her Complaint as necessary upon completing initial discovery.

## VIII. JURY DEMAND

Plaintiff requests trial by jury on all claims allowed by law.

Respectfully submitted this 28th day of February, 2020.

        By:
        /s/ Dedrick D. Straghn
        DEDRICK D. STRAGHN, Esq.
        FBN. 0389595
        26 S.W. 5th Ave.
        Delray Beach, FL 33444
        (561) 789-5232 Telephone
        (561) 272-0774 Facsimile
        dstraghn@yahoo.com