UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-80336-CIV-Cannon/Reinhart

DR. SHERNETTE ALEXANDER,

                 Plaintiff,

vs.

SCHOOL BOARD OF PALM BEACH COUNTY, FL,

                 Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S BILL OF TAXABLE COSTS (ECF NOS. 104, 105)

Currently before me is Defendant's itemized bill of taxable costs, with a supporting memorandum and exhibits. ECF Nos. 104, 105, 108. These items were referred to me by the Honorable Aileen M. Cannon for a report and recommendation. ECF No. 107. I have reviewed Defendant's submissions and for the reasons stated below, I **RECOMMEND** that the reimbursement Defendant seeks for its taxable costs be **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

Plaintiff Dr. Shernette Alexander brought this Title VII action alleging three counts of racial discrimination and retaliation against the Defendant Palm Beach County School Board. Shortly after Plaintiff filed her Third Amended Complaint (ECF No. 54), Judge Cannon granted the School Board's motion to dismiss Dr. Alexander's claim for racial discrimination (ECF No. 69), and following discovery, Judge Cannon granted the School Board's motion for summary judgment and dismissed the remaining claims. ECF No. 100.

Final judgment was entered in the School Board's favor (ECF No. 101) and thereafter it filed its itemized bill of costs seeking reimbursement of its taxable costs in the amount of $2,480.25 (ECF Nos. 104, 105).

## **DISCUSSION**

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).[1] However, such presumption is not without limits, and courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441-442. This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

---

[1] Here, because final judgment was entered in Defendant's favor, it is the prevailing party.

Although Plaintiff has not lodged any objections to the amount of costs sought, insofar as they are taxable under § 1920, the Court has an independent obligation to ensure that the costs awarded are proper. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review . . . bills of costs to independently determine whether . . . the costs sought to be taxed are properly taxable pursuant to the cost statute.").

Defendant seeks to recover the following as taxable costs: $715.00 for process server fees, $1,544.50 for deposition transcripts, $80.00 for witness fees, $140.75 for copying costs. Having reviewed the invoices, I find that the costs sought are taxable, with the exception of some costs related to the deposition transcripts.

**Deposition Transcripts**

Printed transcripts and the stenographer's attendance fee for necessarily obtained transcripts are taxable. *George v. Florida Dept. of Corrections*, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008) (finding that costs for deposition transcripts necessarily obtained for use in the case are recoverable under § 1920); *Whittier v. City of Sunrise*, 2008 WL 5765868, *5 (S.D. Fla. Dec. 3, 2008) (finding that under § 1920, the transcript and attendance fee of the court reporter are recoverable).

Nevertheless, prevailing parties often submit invoices for deposition transcripts that include extra fees for items that are not generally recoverable, including shipping, exhibits, expedited copies, condensed transcripts and CD-ROMs. *See George*, 2008 WL 2571348, *6 (finding expedited and condensed transcripts, CD-ROMs, and expedited shipping not recoverable where claimant was unable to prove necessity, rather than mere convenience);

*Suarez v. Tremont Towing, Inc.*, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008) (declining reimbursement for delivery charges or charges for exhibits).

Here, Defendant seeks reimbursement for deposition transcripts of three witnesses. While I accept that all three transcripts were necessarily obtained for use in the case, the stenographers' invoices include charges for "extras" such as exhibit copies and indexes totaling $96.50, which should be deducted. Moreover, there is a separate invoice for $137.00 (ECF No. 108-2) that shows a "job date" of September 30, 2020, but it does not reflect what the charge is for and it is not explained in Defendant's memorandum. Therefore, I will deduct these charges from the transcription fees sought.

## RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that the District Court **GRANT IN PART AND DENY IN PART** Defendant's Bill of Costs (ECF No. 104, 105) and award Defendant recovery of $2,246.75 in taxable costs.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 10th day of December, 2021 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
United States Magistrate Judge